<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KENNY WATFORD,                        :
                                      :   Civil Action No. 11-5111 (NLH)
                Plaintiff,            :
                                      :
                v.                    :   **OPINION**
                                      :
LIEUTENANT ROBERT SCIORE,             :
                                      :
                Defendant.            :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Kenny Watford
East Jersey State Prison
Rahway, NJ 07065

**HILLMAN**, District Judge

        Plaintiff Kenny Watford, a prisoner confined at East Jersey State Prison in Rahway, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

        At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on August 8, 2011, while he was a pre-trial detainee at the Cumberland County Department of Corrections, he was charged with disciplinary infractions (.005 - threat of bodily harm against any person or his property - and .256 - refusal to obey an order) and placed into "pre-hearing detention" pending an investigation.  The attachments to the Complaint, including the Adjudication, reflect that Plaintiff was given notice of the charges against him on August 9, 2011. Plaintiff alleges that he remained in pre-hearing detention for eight days, until August 15, 2011.

Plaintiff alleges that on August 15, 2011, hearing officer Lieutenant Robert Sciore, the Defendant here, conducted a disciplinary hearing without permitting Plaintiff to appear.  The Adjudication sheet reflects that Plaintiff denied the charges and requested to speak at the hearing and that two witness statements were submitted on Plaintiff's behalf.  In addition, the hearing officer considered the statement of the correctional officer who originally charged Plaintiff with the disciplinary infraction. The hearing officer found Plaintiff guilty of the charges and

2

imposed an eight-day term of confinement in segregation, that is, the time served during the investigation period, to end the day of the hearing.  The Adjudication also reflects that the reason for the eight-day term in segregation is to "stop violence in the jail."  Plaintiff also objects to the fact that the Adjudication is witnessed by two civilian employees that he never met.

Plaintiff asserts that Lieutenant Sciore failed to provide Plaintiff with a proper disciplinary hearing.  He seeks a monetary judgment in the amount of $35,000.00.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

The Court of Appeals for the Third Circuit has held that the Twombly pleading standard applies to civil rights complaints. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

4

Context matters in notice pleading.  Fair notice under
Rule 8(a)(2) depends on the type of case -- some
complaints will require at least some factual
allegations to make out a "showing that the pleader is
entitled to relief, in order to give the defendant fair
notice of what the ... claim is and the grounds upon
which it rests."  ...  Put another way, in light of
Twombly, Rule 8(a)(2) requires a "showing" rather than
a blanket assertion of an entitlement to relief.  We
caution that without some factual allegation in the
complaint, a claimant cannot satisfy the requirement
that he or she provide not only "fair notice," but also
the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when

assessing the sufficiency of any civil complaint, a court must

distinguish factual contentions -- which allege behavior on the

part of the defendant that, if true, would satisfy one or more

elements of the claim asserted -- and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory

statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must
contain sufficient factual matter, accepted as true, to
state a claim to relief that is plausible on its face.
A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable
for the misconduct alleged.  The plausibility standard
is not akin to a probability requirement, but it asks
for more than a sheer possibility that a defendant has
acted unlawfully.  Where a complaint pleads facts that
are merely consistent with a defendant's liability, it
stops short of the line between possibility and
plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted)

(quoted in Bistrian v. Levi, 2012 WL 4335958 (3d Cir. Sept. 24,

2012).  Although the Court must assume the veracity of the facts asserted in the complaint, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Id. (citation omitted).  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

The Court construes Plaintiff's allegations as attempting to state a claim for deprivation of liberty without due process, in violation of the Fourteenth Amendment to the U.S. Constitution.

Pre-trial detainees and convicted but unsentenced prisoners retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150  (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000).  Analysis of whether such a detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions
> or restrictions of pretrial detention that implicate
> only the protection against deprivation of liberty
> without due process of law, we think that the proper
> inquiry is whether those conditions amount to

7

punishment of the detainee.  For under the Due Process
Clause, a detainee may not be punished prior to an
adjudication of guilt in accordance with due process of
law. ...

Not every disability imposed during pretrial
detention amounts to "punishment" in the constitutional
sense, however.  Once the government has exercised its
conceded authority to detain a person pending trial, it
obviously is entitled to employ devices that are
calculated to effectuate this detention. ...

A court must decide whether the disability is
imposed for the purpose of punishment or whether it is
but an incident of some other legitimate governmental
purpose.  Absent a showing of an expressed intent to
punish on the part of detention facility officials,
that determination generally will turn on "whether an
alternative purpose to which [the restriction] may
rationally be connected is assignable for it, and
whether it appears excessive in relation to the
alternative purpose assigned [to it]."  Thus, if a
particular condition or restriction of pretrial
detention is reasonably related to a legitimate
governmental objective, it does not, without more,
amount to "punishment."  Conversely, if a restriction
or condition is not reasonably related to a legitimate
goal--if it is arbitrary or purposeless--a court
permissibly may infer that the purpose of the
governmental action is punishment that may not
constitutionally be inflicted upon detainees qua
detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further

explained that the government has legitimate interests that stem

from its need to maintain security and order at the detention

facility.  "Restraints that are reasonably related to the

institution's interest in maintaining jail security do not,

without more, constitute unconstitutional punishment, even if

they are discomforting and are restrictions that the detainee

would not have experienced had he been released while awaiting

8

trial." 441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  441 U.S. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  Id. at 539 n.20, 561-62.

The Court of Appeals for the Third Circuit has applied the Bell standard to allegations similar to those asserted here, challenging placement in segregated housing without a hearing. See Stevenson v. Carroll, 495 F.3d 62 (3d Cir. 2007).

> Unconstitutional punishment typically includes both objective and subjective components.  As the Supreme Court explained in Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" Id. at 298, 111 S.Ct. 2321.  The Supreme Court did not abandon this bipartite analysis in Bell, but rather allowed for an inference of mens rea whether the restriction is arbitrary or purposeless, or whether the restriction is excessive, even if it would accomplish a legitimate governmental objective.  See Bell, 441 U.S. at 538-39 & n.20, 99 S.Ct. 1861.
>
> ...
>
> In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution. ...  Appellants assert that, as compared to the conditions for the general prison population, housing in the SHU is significantly more restrictive.  the complaint draws specific, item-by-item comparisons between the restrictions in the SHU and those in the general prison population.  The allegations in the complaint raise an inference of impermissible punishment that precludes granting a motion to dismiss and may warrant further discovery.

Stevenson, 495 F.3d at 68-69 (footnote omitted).

The prisoners in Stevenson had been placed in a segregated housing unit for several years without a hearing.  The Court of Appeals found that, although pretrial detainees do not have a liberty interest in being confined in the general prison population, "they do have a liberty interest in not being detained indefinitely in the SHU without explanation or review of their confinement." Id. at 69.  Taking into account the competing interests of the detainees and the governmental function involved in maintaining order and security, the Court of Appeals found that the process required for administrative transfers need not be "extensive." Id. at 70.  Thus, prison officials must provide detainees who are transferred into more restrictive housing, for administrative purposes, only an explanation of the reason for their transfer as well as an opportunity to respond. Id.  Due process requires only an informal nonadversary review of evidence, which is satisfied when an inmate receives "'some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation.'" Id. (quoting Hewitt v. Helms, 459 U.S. 460, 476 (1983)).  The proceeding must occur within a reasonable time following an inmate's transfer.  Id.

The Court of Appeals further instructed that greater process is due prisoners who are confined for disciplinary infractions

than those moved for purely administrative reasons.  Prisoners transferred for <u>disciplinary</u> reasons must receive written notice of the charges against them and a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.  <u>Id.</u> at 70-71

Here, the Court is presented with something of an aggregate: it appears that Plaintiff was initially placed into "pre-hearing detention" for administrative reasons - security during an investigation into the disciplinary charge - which was then converted, after the disciplinary hearing, into disciplinary confinement, that is, "time served."  Nevertheless, this Court finds that Plaintiff has failed to state a claim for violation of his Fourteenth Amendment due process rights.

More specifically, Plaintiff has failed to allege facts suggesting that his confinement in pre-hearing detention for eight days amounted to "punishment" as defined in <u>Bell</u>.  Nor does he allege any facts suggesting that Lieutenant Sciore had any involvement in the decision to place Plaintiff into pre-hearing detention, or to continue that placement prior to the disciplinary hearing.  Nor is the pre-hearing detention placement for eight days excessive, in light of the need to maintain security during investigation of the alleged disciplinary violation.  Moreover, even if there were some deprivation of liberty, which this Court does <u>not</u> find, Plaintiff received all

11

the process he was due.  He received a written statement of the charges against him the day after he was placed into pre-hearing detention.  The hearing took place within a reasonable time and the hearing officer was advised that Plaintiff denied the charges and was provided the supporting statements of Plaintiff's two witnesses.  The hearing officer then provided Plaintiff with a written statement of his decision, the evidence relied on, and the reasons for the decision.

V.  <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff could amend the Complaint to overcome the deficiencies described herein.  An appropriate order follows.


At Camden, New Jersey                   s/ Noel L. Hillman
                                        Noel L. Hillman
                                        United States District Judge

Dated: October 29, 2012

12